# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

ILIA TRSIKURISHVILI,

    Petitioner,

vs.

KRISTI NOEM, et al.,

    Respondents.

No. C26-15-LTS-MAR

**MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

This case is before me on a petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Ilia Trsikurishvili. Trsikurishvili is currently detained at the Hardin County Jail in Eldora, Iowa. Doc. 1 at 3. On initial review, I entered an order (Doc. 2) directing the respondents (collectively, the Government) to respond to Trsikurishvili's petition, which they did (Doc. 6). Trsikurishvili has filed a reply (Doc. 10). Oral argument is not necessary. *See* Local Rule 7(c).

## II. BACKGROUND

Trsikurishvili is a citizen and native of Georgia. He entered the United States at or near San Luis, Arizona, on or about March 23, 2022.[1] Doc. 9-1 at 4; Doc. 1-1 at 6. He was released on his own recognizance. Doc. 1-1 at 6.

---

[1] Confusingly, the declaration from the deportation officer also states that on June 28, 2019, Trsikurishvili illegally entered the United States without inspection by an immigration officer at a designated port of entry. Doc. 9-1. As Trsikurishvili notes, this contradicts his Notice to Appear that provides his date of arrival as March 23, 2022. *See* Doc. 1-1. The Notice to Appear filed by respondents (with an unknown date of arrival) belongs to an entirely different individual who is a native and citizen of Mexico. *See* Doc. 9-2.

On November 19, 2025, Trsikurishvili failed to enter an open weigh station as required by law and was stopped by the Iowa Department of Transportation. Immigration and Customs Enforcement (ICE) conducted checks and determined that Trsikurishvili has no status in the United States. *Id.* A master hearing was set for December 11, 2025, and continued until February 5, 2026. *Id.* On January 15, 2026, an Immigration Judge (IJ) denied bond based on lack of jurisdiction. An appeal was due by February 17, 2026. A merits hearing was scheduled for January 29, 2026, and an individual hearing for March 20, 2026, regarding Trsikurishvili's application for asylum. *Id.*

Trsikurishvili asserts the mandatory detention provision of 8 U.S.C. § 1225(b)(2) does not apply to him, as he had already entered and was residing in the United States at the time he was apprehended and he is not subject to any mandatory provisions of 8 U.S.C. § 1226. He argues his detention violates 8 U.S.C. § 1226(a), the regulations at 8 C.F.R. §§ 236.1, 1236.1 and 1003.19, and his substantive and procedural due process rights under the Fifth Amendment of the United States Constitution. He argues he is entitled to immediate release because respondents have had an opportunity to identify reasons for denying bond and they made no such findings.

### III. DISCUSSION

The Government repeats its familiar arguments concerning mandatory detention under § 1225(b)(2). It does not assert any other basis for Trsikurishvili's detention and acknowledges that this case is not materially distinguishable. *See* Doc. 6 at 11, n.5. I have already ruled that petitioners in similar situations do not fit the criteria of § 1225(b)(2). *Giron Reyes v. Lyons*, ___ F. Supp. 3d ___, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Chilel Chilel v. Sheehan*, No. 25-cv-4053, 2025 WL 3158617 (N.D. Iowa Nov. 12, 2025). I adopt the same reasoning here to find that Trsikurishvili

is not subject to mandatory detention under § 1225(b)(2).[2] The only issue left to resolve is whether Trsikurishvili is entitled to immediate release or a new bond redetermination hearing.

The Government makes no argument concerning Trsikurishvili's requested relief of immediate release except to say he is not constitutionally entitled to it under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Trsikurishvili argues that when an alien was previously on release on his own recognizance, the appropriate remedy is reinstatement of release on his own recognizance. He also argues the Government has waived any further justification for Trsikurishvili's detention because the IJ denied bond solely on the jurisdictional issue, without any alternate findings of dangerousness or flight risk, and the Government does not argue it needs additional time to determine the applicability of these factors. Finally, he argues it would violate his due process rights to allow the Government to detain him without first providing a custody redetermination hearing and the court can remedy this situation only with immediate release.

Trsikurishvili correctly notes that I have previously determined that when a bond was previously set for $7,500, and respondents failed to offer evidence of any change in factual circumstances that would warrant revoking the previously-set bond, the petitioner was entitled to immediate release. *See Singh v. Noem*, 1:26-cv-00012 (N.D. Iowa Feb. 10, 2026). He contends that for a similar reason, the Government should not be given the opportunity to identify other reasons for redetaining Trsikurishvili because it cited only one reason – its policy interpretation of § 1225(b)(2) and § 1226(a) – and not any other basis related to dangerousness or flight risk. Further, he argues that discretionary detention under § 1226(a) requires a warrant, which was not issued prior to

---

[2] I am aware of, and have reviewed, the contrary holding by a panel of the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, ___ F.4th ___, 2026 WL 323330 (5th Cir. Feb. 6, 2026). That decision is not binding on this court, nor do I find its reasoning to be persuasive. Unless and until binding authority dictates a different outcome, I will continue to apply my analysis from *Giron Reyes* and similar cases.

3

Trsikurishvili's arrest. *See* 8 U.S.C. § 1226(a) ("[o]n a warrant issued by the Attorney General, an alien may be arrested and detained."); *Chogllo Chafla v. Scott*, No. 2:25-cv-437, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a).").

Trsikurishvili argues that immediate release is also the more appropriate remedy because due process requires the Government to provide some form of process *before* revoking one's release. He also argues the Government should bear the burden of proof in such a pre-detention hearing. He contends release is more favorable here than in the circumstances where bond is set (such as in *Singh*) because DHS has already determined Trsikurishvili could be released on his own recognizance and thus, did not pose a danger to the community or risk of nonappearance.

I have reviewed the legal authorities cited by Trsikurishvili, in which courts have granted immediate release to petitioners who were illegally detained under § 1225(b)(2) and had previously been on release on their own recognizance. *See, e.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (concluding the Government may not re-detain petitioner without providing her a pre-detention bond hearing at which the Government bears the burden of proving by clear and convincing evidence that she is a flight risk or danger to the community and that no conditions other than her detention would be sufficient to prevent such harms); *Rivera Esperanza v. Francis*, No. 25-CV-8727, 2025 WL 3513983, at *8-9 (S.D.N.Y. Dec. 8, 2025) (concluding petitioner was entitled to immediate release based, in part, on the court's concern that ordering a bond hearing would not offer a constitutionally adequate bond hearing pursuant to § 1226(a) as the immigration judges refused to hold a hearing on the merits despite a court order); *Jose C-S v. Bondi et al.*, No. 26-cv-1460, 2026 457336, at *2 (D. Minn. Feb. 18, 2026) (granting immediate release because the Government failed to produce a warrant supporting petitioner's arrest and provided no other reasons that would justify revoking his prior release); *Yildirim v. Hermosillo*, Case No. C25-2696, 2026 WL 111358, at *5 (W.D. Wash. Jan. 15, 2026) ("due process requires that Petitioner receive notice and an

4

opportunity to be heard before she may be re-detained for alleged release violations"); *Hernandez v. Kunes*, Civil No. 1:25-CV01847, 2026 WL 4111726, at *6 (M.D. Penn. Feb. 13, 2026) ("the court will grant Hernandez's petition and release her on her own recognizance as the United States Border Patrol did in January 2024."). I agree with the reasoning of these courts that absent a change in circumstances (none of which are advanced by the Government here), Trsikurishvili should be released on the same terms before he was illegally detained in violation of his due process rights under § 1225(b)(2). If the Government continues to pursue Trsikurishvili's detention under § 1226(a), it must provide him a pre-detention hearing in which it bears the burden of proving by clear and convincing evidence that Trsikurishvili is a danger to the community or flight risk or has failed to comply with the terms of his release.

## IV. CONCLUSION

For the reasons stated herein:

1. Trsikurishvili's petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **granted**.

2. Respondents are **directed** to **immediately release** Trsikurishvili on the conditions of his previous release.

**IT IS SO ORDERED** this 3rd day of March, 2026.

_____
Leonard T. Strand
United States District Judge